PER CURIAM.
The Special Disability Trust Fund (Fund) timely appeals a workers’ compensation order awarding reimbursement to an employer/carrier (E/C) for benefits paid to an employee injured in a 1985 industrial accident. The judge of compensation claims (JCC) found that the employee’s pre-accident mental deficiency (intelligence quotient in the 70-79, “borderline” range) constituted a permanent physical impairment under section 440.49(2)(b)l., Florida Statutes (1985), and that the requirement of employer knowledge contained in section 440.49(2)(f)l. was satisfied without application of the conclusive presumption provided by that section when the employee’s pre-existing intelligence quotient “is such that he falls within the lowest two percentile of the general population.”
The JCC rejected the Fund’s argument that section 440.49(2)(f)l.v. “operates as a bright line rule to exclude reimbursement in any case where the pre-existing mental retardation does not place the employee within the lowest 2 percentile of the general population,” noting that the language of the statute provides “something of a safe harbor for an employer hiring an employee with a pre-existing permanent physical impairment,” but that nothing in the statute “operates to exclude conditions not falling within this safe harbor,” and that an employer not falling within the safe harbor “is then forced to proceed without the benefit of the ‘conclusive presumption,’ as the Employer/Carrier has in this ease, with an evidentiary hearing before the Judge of Compensation Claims to determine whether reimbursement is proper.” He also rejected the Fund’s argument that reimbursement is improper in this case because the employee was actually able to find work in the construction industry before he was injured, noting that “Fund reimbursement would ... be meaningless if courts were to determine that any Claimant holding a job could not be deemed to have a preexisting permanent impairment which is a hindrance or obstacle to employment.”
Competent substantial evidence supports the JCC’s factual findings, and we affirm his interpretation and application of the statutes in the instant case. The fact that the legislature extensively amended the reimbursement statute in section 43, chapter 93-415, Laws of Florida, to limit eligibility for Fund reimbursement, does not affect the eligibility of this employer for reimbursement under the statute in effect at the time of the industrial accident.
The order is AFFIRMED.
ERVIN and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.